IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARTHA ELIZABETH NEAL
*Individually and on behalf of all other*
*Persons similarly situated,*
Plaintiff,

CIVIL ACTION FILE NO. _____

v.

JURY TRIAL DEMANDED

SMITH COMMUNICATIONS, INC. d/b/a THE EATONTON
MESSENGER, SMITH COMMUNICATIONS, INC. d/b/a THE
LAKE OCONEE NEWS, MARK SMITH, SR
　　Defendants

## FLSA COMPLAINT

COME NOW the Plaintiff, Martha Elizabeth Neal, and asserts her claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et. Seq. [hereinafter "FSLA"] for Unpaid wages and overtime compensation and other relief on the Grounds set forth below:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

1

2. Per 28 U.S.C. §1391, venue is appropriated in this judicial district as the Defendants reside herein.

## PARTIES

3. Plaintiff Martha Elizabeth Neal, a Georgia resident, is a current employee of Defendants, having been employed as a "reporter" from prior to December 1, 2010, and remains employed as of the date of filing. Plaintiff brings this action on her own behalf, and on behalf of all similarly-situated individuals pursuant to 29 U.S.C. § 216(b).

4. Defendant SMITH COMMUNICATIONS, INC. d/b/a THE EATONTON MESSENGER is a domestic Georgia corporation, and is therefore subject to the jurisdiction of this Court. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). The Defendant may be served with process via service on its registered agent for service, Mark Smith, 100 N. Jefferson Avenue, Eatonton, Georgia, 31024.

5. Defendant THE EATONTON MESSENGER, INC. d/b/a THE LAKE OCONEE NEWS is a domestic Georgia corporation, and is therefore subject to the jurisdiction of this Court. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). The Defendant may be served with process via service on its registered agent for service, Mark Smith, 100 N. Jefferson Avenue, Eatonton, Georgia, 31024.

6. Defendant MARK SMITH, SR. is an individual residing at 105 Oconee Estates Drive, Eatonton, Georgia 31032 where he may be personally served with process. The Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 as he exercised significant control over the company's operations at all times relevant to this lawsuit.

7. At all times, Defendants have been, and continue to be, "employers" who engages in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8. At all relevant times, upon information and belief Defendants have had gross operating revenues in excess of $500,000.

9. At all times, Defendants have owned and operated two newspapers in and around Eatonton. At all relevant times, Defendants were Plaintiff's "joint employers." Alternatively, on information and belief, Defendants' operations, management and accounting are highly integrated with one another such that Defendants were Plaintiff's "integrated employer."

## FACTUAL ALLEGATIONS

10. This action is brought by a current employee of Defendants for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. Esq., based upon Defendants' failure to properly compensate plaintiff for overtime hours worked.

3

11. Plaintiff is a "reporter" employed by the Defendants, who are engaged in commerce and is employed by an enterprise engaged in commerce. Plaintiff is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

12. At all relevant times, Plaintiff was a non-exempt, hourly employee of Defendants, and Defendants were aware of Plaintiff's status.

13. Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage or overtime compensation of the Fair Standards Act under 29 U.S.C. §§ 206 and 207.

14. Defendants have a statutory duty under the FLSA to keep accurate records of Plaintiff's hours worked.

15. Plaintiff routinely worked more than 40 hours per work week but was never paid a premium wage for hours worked in excess of 40 in a given workweek and did not always earn at least the applicable federal minimum wage for each hour worked for the defendants. See detailed analysis attached as Exhibit A hereto and incorporated by reference.

## COUNT I – MINIMUM WAGE VIOLATION OF 29 U.S.C. § 206

16. Plaintiff restates her allegations contained in Paragraph 1 – 15 as if fully set forth.

17. Plaintiff routinely worked for Defendants more than 40 hours per work week and did not always earn at least the applicable federal minimum wage for each hour worked for Defendants.

18. Defendants knew or should have known that the FLSA's minimum wage provision applied to Plaintiff, as a non-exempt, hourly employee, but willfully disregarded same.

19. Defendants have failed to adequately compensate Plaintiff, by paying her less than applicable minimum wage. Defendants' conduct constitutes a willful violation of Section 206 of the FLSA, entitling Plaintiff to all relief under the FLSA.

COUNT II - OVERTIME WAGES: VIOLATION OF 29 U.S.C. § 207

20. Plaintiff restates her allegations in Paragraphs 1-19 as if fully set forth.

21. Plaintiff routinely worked for Defendants more than 40 hours per work week and did not always earn at least the applicable federal minimum wage for each hour worked for Defendants.

22. As a non-exempt, hourly employee, Plaintiff was required to be compensated at a rate of one and half times her regular hourly rate for each hour she worked in excess of forty hours in any given work week.

23. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours a week at one-half times her regular rate of pay.

24. Defendants knew or should have known that the FLSA applied to Plaintiff, as a non-exempt hourly employee, but willfully disregarded same by issuing Plaintiff limited compensation hours adding up to less than one-quarter of the number of hours

5

she was required to work to meet job requirements in an effort to avoid paying her overtime wages.

25. Defendants' conduct constitutes willful violations of Section 207 of the FLSA, entitling plaintiff to all relief afforded under the FLSA.

26. Said violation gives rise to a claim for relief under the FLSA for Plaintiff's unpaid wages and unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

WHEREFORE, the Plaintiff requests:

(a) That her Complaint be read and considered;

(b) That service of process issue as authorized by law;

(c) That the Court issue a judgment against Defendants declaring that the Plaintiff is a non-exempt employee covered by the provisions of the FLSA, and that Defendants have failed to comply with the requirements of the FLSA;

(d) That the Court award the Plaintiff at least the applicable federal minimum wage for each hour worked for Defendants;

(e) That the Court award the Plaintiff payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times her regular rate;

(f) That the Court award Plaintiff liquidated damages equaling 100% of overtime due her;

(g) That the Court award the Plaintiff prejudgment interest on all amounts owed;

(h) That the Court award Plaintiff her attorney's fees and costs of litigations; and

(i) That the Court award any and such other further relief this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P 38(b), Plaintiff demands a jury trial on all matters triable before a jury.

Lambert, Reitman and Abney, LLC

_____
M. Joseph Reitman
Georgia Bar No. 600540
Attorney for Plaintiff
Martha Elizabeth Neal

126 E. Washington Street
Madison, GA 30650
(706) 342-3566 (telephone)

Exhibit A Follows