IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTHA ELIZABETH NEAL, )<br>MARLA PRETTY BROCK, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs, 　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>SMITH COMMUNICATIONS, INC. )<br>d/b/a THE EATONTON MESSENGER, )<br>SMITH COMMUNICATIONS, INC. )<br>d/b/a THE LAKE OCONEE NEWS, )<br>MARK SMITH, SR. 　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. 　　　　　　)  | CIVIL ACTION<br>NO. 5:13-cv-00438-MTT |

**CONSENT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND MEMORANDUM OF LAW IN SUPPORT**

**INTRODUCTION**

Plaintiffs **MARTHA ELIZABETH NEAL and MARLA PRETTY BROCK** ("Plaintiffs") and Defendants **SMITH COMMUNICATIONS, INC. d/b/a THE EATONTON MESSENGER, SMITH COMMUNICATIONS, INC. d/b/a THE LAKE OCONEE NEWS and MARK SMITH, SR.**, jointly file this consent motion for approval of their settlement agreement, and memorandum of law in support requesting that the Court approve the Parties' settlement and

1

direct the Clerk to close the case. This motion is based upon the Settlement Agreements and Release of Claims ("Settlement Agreements") (attached as Exhibits A and B) and all the files, records, and proceedings herein. The Parties agree that the settlements set forth in the Settlement Agreements are fair and reasonable and that no hearing before the Court is needed or requested.

## I.  Factual Background

On November 20, 2013, Plaintiffs filed their Complaint initiating this lawsuit, in which they alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit"). [Doc. 1]. Plaintiffs' First Amended Complaint was filed on May 24, 2014.  [Doc. 13].  Defendants timely answered the Complaint(s), denying any wrongdoing under the FLSA or that Plaintiffs were owed any additional compensation.  Thereafter, discovery between the parties ensued.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. The Parties, through their respective counsel, have engaged in arms-length settlement negotiations to resolve their dispute since November, 2014. The terms and conditions of settlement reflected in the Settlement Agreements are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

The Parties have reached a proposed settlement of $13,850 between Defendants and Ms. Brock to resolve her claims for unpaid minimum wages, liquidated damages, and attorney's fees, as outlined in more detail in the proposed Settlement Agreement. Of that amount, Ms. Brock will receive $3,875 in back wages, $3,875 in liquidated damages, and Plaintiffs' counsel Lambert, Reitman and Abbey, LLC will receive $2,000 in fees and out-of-pocket expenses and Plaintiffs' counsel Schulten Ward & Turner will receive $4,100 in attorney's fees and expenses.

The Parties have also reached a proposed settlement of $42,900 between Defendants and Ms. Neal to resolve all of her claims, including without limitation, for unpaid minimum wages, liquidated damages, and attorney's fees, as outlined in more detail in the proposed Settlement Agreement. Of that amount, Ms. Neal will receive $12,125 in back wages, $12,125 in liquidated damages, $4,750 for other compensatory damages, and Plaintiffs' counsel Lambert, Reitman and Abbey, LLC will receive $3,900 in fees and out-of-pocket expenses and Plaintiffs' counsel Schulten Ward & Turner will receive $10,000 in attorney's fees and expenses.

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties. The Parties have entered into the Settlement Agreement because the

Settlement Agreement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.     Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an

employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re*

*Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Any fee agreement between a plaintiff and his or her counsel "must be disclosed to a court when a FLSA settlement is filed for approval" so that the Court can evaluate the reasonableness of the proposed settlement. *Martin v. Huddle House, Inc.*, Civ. No. 2:10-cv-00082-WCO [Doc. 16], at 3-4 (N.D. Ga. May 18, 2011).

### III.   Analysis

In their complaint, Plaintiffs alleged that they were not compensated properly under the Fair Labor Standards Act.  Plaintiffs contended that Defendants owed them overtime wages and liquidated damages for the hours they worked for Defendants. Although Defendant disputed these contentions, the Parties engaged in discovery, followed by arms-length settlement negotiations and were able to reach an agreement to resolve this matter through private negotiation between their respective counsel. (*See* Settlement Agreements; Exhibits A & B).

In terms of fairness of the Settlement Agreement, Plaintiffs' probability of success was uncertain, and even if Plaintiffs had succeeded in showing liability, the amount of damages was also uncertain. Thus, settlement of the action in favor of certainty was a fair and reasonable decision. The Parties have worked together to reach a settlement that adequately compensates Plaintiffs for their alleged unpaid wages and for their attorney's fees and costs incurred in bringing this lawsuit according to the terms of the contingency fee agreement between Plaintiffs and their counsel. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

WHEREFORE, Plaintiffs and Defendants pray that this Court will enter an Order approving the settlement. A proposed order is attached hereto.

This 4th day of May, 2015.

                              Respectfully submitted,

                              *s/ Dean R. Fuchs*
                              Dean R. Fuchs
                              Georgia Bar No. 279170
                              drf@swtlaw.com
                              Attorney for Plaintiffs

SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

7

/s/ *Michael P. Elkon*
MICHAEL P. ELKON
Attorney for Defendants

FISHER & PHILLIPS, LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTHA ELIZABETH NEAL, ) | |
| MARLA PRETTY BROCK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 5:13-cv-00438-MTT |
| ) | |
| SMITH COMMUNICATIONS, INC. ) | |
| d/b/a THE EATONTON MESSENGER, ) | |
| SMITH COMMUNICATIONS, INC. ) | |
| d/b/a THE LAKE OCONEE NEWS, ) | |
| MARK SMITH, SR. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the font and font size required by Local Rule 5.1C and that I have this day served **JOINT MOTION FOR APPROVAL OF SETTLEMENTS** on the following attorneys/parties of record by using the Court's CM/ECF Electronic filing system:

TRACY L. MOON
MICHAEL P. ELKON
FISHER & PHILLIPS, LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309

9

This 4th day of May, 2015.

/s/ Dean R. Fuchs
Dean R. Fuchs
Georgia Bar No. 279170

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800